

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00336-CR

———————————————

LEE ANTHONY LOGGINS, Appellant

V.

THE STATE OF TEXAS

———————————————

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. F-94-1011-D

———————————————

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Chief Justice Sudderth

Appellant Lee Anthony Loggins was convicted on September 2, 1994, of sexual assault, burglary, and theft. He did not immediately appeal his convictions. In August 2019, Appellant filed an application for writ of habeas corpus in the trial court. After considering the application, the trial court signed an order on September 9, 2019, recommending that the court of criminal appeals deny the application. On the same day that the trial court signed that order, Appellant filed a "Motion for Appeal" by mail with the Denton County District Clerk.

Based on Appellant's incarcerated status and the fact that he had filed his "Motion for Appeal" by mail and that it was received on the same day that the trial court's habeas corpus order was signed, we interpreted Appellant's "Motion for Appeal" as an attempt to file a direct appeal of his 1994 convictions.[1] Out of concern that we might lack jurisdiction because the notice of appeal was not timely filed, we notified Appellant by letter that his notice of appeal had been due October 3, 1994, and requested a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 26.2(a)(1). We cautioned Appellant that his appeal could be dismissed for

---

[1]We note that even if we were to interpret Appellant's "Motion for Appeal" as an attempt to appeal the trial court's habeas corpus order, we do not have jurisdiction to consider such an appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07(c) (vesting the court of criminal appeals with exclusive appellate jurisdiction over applications for 11.07 writs of habeas corpus).

want of jurisdiction.  *See* Tex. R. App. P. 44.3.  We have received no response.  We

therefore dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f), 44.3.


/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 5, 2019